# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLNOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>GUADALUPE E. QUINTANILLA III, and<br>AMY J. QUINTANILLA<br><br>Debtors. | ) Case No. 11-44346<br>)<br>) Hon. Judge Jack B. Schmetterer<br>)<br>) Chapter 13<br>) |
| GUADALUPE E. QUINTANILLA III, and<br>AMY J. QUINTANILLA<br><br>Plaintiffs<br>-vs-<br><br>FIRST MIDWEST BANK<br><br>Defendant (s). | )<br>)<br>) Adv. No. 11-02632<br>)<br>) Hon. Judge Jack B. Schmetterer<br>)<br>)<br>)<br>)<br>) |

## FINDINGS OF FACT AND CONCLUSION OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against First Midwest Bank, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs are individuals residing at 14626 S. Palmer Ave., Posen, IL 60469.

2. First Midwest Bank is a lender and/or servicer of mortgages.

3. Plaintiffs filed for relief under the chapter 13 of the United States Bankruptcy Code on October 31, 2011 in the Northern District of Illinois, case number 11-44346.

4. This adversary proceeding arises under section 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28 U.S.C. § 157.

6. Plaintiffs are the owners of real estate located at 14626 S. Palmer Ave., Posen, IL 60469 described as follows:

   Common Address: 14626 S. Palmer Ave., Posen, IL 60469

   Parcel ID#: 28-12-225-237-0000

7. The fair market value of the real estate is $105,000.00 pursuant to Exhibit A of the original adversary complaint.

8. A first mortgage lien is currently held by Chase Manhattan Mortgage in the amount of $113,493.00 based on Consumer Liability Report 2402815, provided by CIN Legal Data Services dated 10/24/2011.

9. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $113,493.00, exceeds the value of the above real estate, $105,000.00.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed:
Jack B. Schmetterer
MAY 03 2012

5/3/12

Prepared by:
Beutler Law Center, Ltd.
Attorneys for Plaintiffs
16335 Harlem Ave. 4th Floor
Tinley Park, IL 60477
708-444-4987